IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Richard Daniel Staton; et al.<br><br>    Defendants. | CR 05-2039-TUC-DCB (GEE)<br><br>**REPORT AND RECOMMENDATION** |

The District Court referred this case to the Magistrate-Judge for consideration of pretrial motions.

Pending before the court is the defendant's motion to dismiss counts seven and eight of the indictment filed on August 29, 2006. [doc. # 256] The defendants Roy Mendez, Robbin Duane Brown, and Joseph Wallum join in the motion. The government filed a response. Magistrate-Judge Edmonds held a hearing on the motion on September 26, 2006. The Magistrate-Judge recommends the motion be denied.

**CHARGES:**

In count seven, the indictment charges Staton,

> did knowingly and willfully transfer and cause to be transferred in a manner affecting interstate and foreign commerce, without lawful authority, *means of identification* of other persons, that is, approximately 4,500 credit and debit card numbers and associated personal identification numbers, with the intent to commit, and to aid and abet, unlawful activity that constitutes a violation of

> Federal law, namely, access device fraud, contrary to 18 U.S.C. §§ 1029(a)(1), (a)(2), (a)(3), (a)(5) & (c)(A)(1) & (ii). In violation of Title 18, United States Code, Sections 1028(a)(7) & (b)(2)(B) and 2.

Indictment, p. 20 (emphasis added).

In count eight, the indictment charges Staton,

> did knowingly possess, without lawful authority, *a means of identification* of another person, namely, approximately 4,500 credit and debit card account numbers and associated personal identification numbers, during and in relation to offense under 18 U.S.C. § 1029, that is, access device fraud. In violation of Title 18, United States Code, Sections 1028A(a)(1) & (c)(4).

Indictment, p. 21 (emphasis added).

***Facts*:**

The government alleges that Staton was part of a conspiracy that (1) obtained credit and debit card account information from foreign individuals who are in the business of collecting and selling fraudulently obtained financial information, (2) created counterfeit credit and debit cards, (3) used the counterfeit cards to withdraw money from ATMs and ACMs in and around Tucson, and (4) used wire transfers to send a percentage of the proceeds to their foreign suppliers.

***Discussion:***

Staton argues counts seven and eight should be dismissed because the government alleges he possessed credit card numbers, and a credit card number is not a "means of identification" that triggers liability under sections 1028 and 1028A.

The term is defined as follows:

> [T]he term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any--
>
> (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;

(B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;

(C) unique electronic identification number, address, or routing code; or

(D) telecommunication identifying information or *access device* (as defined in section 1029(e));

18 U.S.C.A. § 1028(d)(7) (emphasis added).

This definition references the term "access device" in subsection (d)(7)(D). The term "access device" is defined as follows:

[T]he term "access device" means any card, plate, code, *account number*, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument);

18 U.S.C.A. § 1029(e) (emphasis added).

Staton candidly concedes a credit card number is an access device. Nevertheless, he argues credit cards do not fall under section 1028(d)(7)(D) and are not a "means of identification."

This section, he maintains, lists *telecommunication* identifying information and *telecommunication* access device. He argues the word "telecommunication" modifies both terms – "identifying information" and "access device." Credit card numbers, he reasons, are simple "access devices" and not "telecommunication access devices." They therefore are not a "means of identification" under section 1028(d)(7)(D).

The court need not address this grammatical puzzle to resolve the instant motion. Assuming arguendo Staton is correct about the structure of section 1028(d)(7)(D), a credit card number still qualifies as a "means of identification." Sections 1028(d)(7)(A-D) give examples of the term "means of identification." The list of examples, however, is merely illustrative. Even if credit card numbers do not appear on the list, they still may be "means of identification" under the general definition. 18 U.S.C.A. § 1028(d)(7).

1   "[T]he term 'means of identification' means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual...." 18 U.S.C.A. § 1028(d)(7). A credit card number fits this definition. A credit card number, either alone or associated with other information such as a pin number, birth date or expiration date, is used by merchants and the credit card company to ensure the person seeking credit or information about the account is indeed the person who owns the account. A credit card number is therefore a "means of identification." *Id.*; *See also United States v. Melendrez*, 389 F.3d 829, 833 n. 6, 835 n. 11 (9th Cir. 2004) (recognizing in dicta that U.S.S.G. § 2B1.1 cmt. n. 7(C)(ii)(II) cites credit card numbers as a means of identification pursuant to 18 U.S.C. §1028(d)(7)); *United States v. Oates*, 427 F.3d 1086, 1089-90 (8th Cir. 2005). The motion to dismiss should be denied.

Stanton further argues a credit card should not be both an access device and a means of identification because the statutory scheme implies the two concepts should not overlap. Section 1029(a) generally criminalizes the fraudulent use of counterfeit access devices while section 1028A(a)(1) criminalizes the fraudulent possession of means of identification during and in relation to another felony. If a credit card number were both things, he argues, then fraudulent use of a counterfeit credit card would automatically trigger liability under both statutes because the card is an access device *and* the card has a number on it which is a means of identification. Stanton argues congress would not have wanted a single act to automatically trigger liability under two different statutes. Section 1028A(a)(1) must require something more, he reasons, or section 1029(a) is redundant. *See, e.g., Bailey v. United States*, 516 U.S. 137, 145 (1995) ("[A] legislature is presumed to have used no superfluous words...."). Accordingly, he argues, a credit card number should be one thing, not two — an access device, not a means of identification. The court does not agree.

If a credit card number is both an access device and an means of identification, some activities, such as using a counterfeit credit card, would trigger liability under both statutes. Nevertheless, not all activities that violate section 1029(a) will automatically violate section

1028A(a)(1). Some access devices such as UPC bar codes do not incorporate means of identifying the user. *See United States v. Sash*, 396 F.3d 515 (2nd Cir. 2005) (Fraudulent use of counterfeit bar codes supported prosecution pursuant to section 1029). The use of this type of counterfeit access device does not automatically fall under section 1028A. Moreover, section 1028A criminalizes the possession of means of identification during and in relation to a large number of felonies beyond those enumerated in chapter 47 (fraud and false statements). Section 1028A does not subsume section 1029. The latter is not redundant. The fact that some actions will violate both statutes is not such an absurd result that the court must assume its initial finding, that credit card numbers are both an access device and a means of identification, must be flawed.

RECOMMENDATION:

In view of the foregoing, it is recommended that after an independent review of the record, the District Court **DENY** the defendants' motion to dismiss counts seven and eight of the indictment filed on August 29, 2006. [doc. # 256]

This Report and Recommendation is being faxed to all counsel on this date. Counsel must file any objections within ten (10) days of today's date.

DATED this 5th day of December, 2006.

Glenda E. Edmonds
United States Magistrate Judge