**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CR-05-2039-TUC-DCB |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Richard Daniel Staton, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Pending before this Court is Magistrate Judge Edmond's Report and Recommendation (Doc. No. 342). This Court must perform a de novo review of the Report and Recommendation, pursuant to 28 U.S.C. § 636(b). *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Magistrate Judge Edmonds recommended that this Court deny the Motion to Dismiss. (Doc. No. 256.)

Defendant, joined by a number of other Defendants, filed a timely Objection to the Report and Recommendation. (Doc. No. 351)

DISCUSSION

A. Report and Recommendation

After a hearing, Judge Edmonds determined that the Defendant's Motion to Dismiss Counts 7 and 8 should be denied. Defendant contended that a credit card number is not a means of identification to trigger liability under 18 U.S.C. §§1028 and 1028A. Defendant argued that a

close reading of the statute reflects that credit card numbers are simple access devices and telecommunication access devices under Section 1028(d)(7)(D), not a means of identification.

The Magistrate Judge found that "[t]he court need not address this grammatical puzzle to resolve the instant motion. Assuming arguendo Staton is correct about the structure of Section 1028(d)(7)(D), a credit card number still qualifies as a 'means of identification.'" *United States v. Melendrez*, 389 F.3d 829, 833 n.6, 835 n.11 (9th Cir. 2004). (R&R at 3.)

Defendant further argues that a credit card cannot be treated both as a means of identification and an access device. The Magistrate Judge did not agree with Defendant's reasoning. "The fact that some actions will violate both statutes is not such an absurd result that the court must assume its initial finding, that credit card numbers are both an access device and a means of identification, must be flawed." (R&R at 5.)

B.  Objections

Defendant is joined by numerous Defendants in the Objections to the Magistrate's Report and Recommendation. Defendant maintains that Count 7 (identity theft) and Count 8 (aggravated identity theft) should be dismissed, because there is a "failure to make logical sense of the statute." Defendant contends that there is no comma before "or access device," in Section 1028(d)(7)(D), when other phrases have a comma and that "the commas in (d)(7) are not there by accident."

The Magistrate Judge correctly analyzed the issues. For purposes of Counts 7 and 8 of the indictment, a credit card number is both an

2

access device and a means of identification.  18 U.S.C. §1028(d)(7); *United States v. Melendrez*, 389 F.3d at 835.

Accordingly,

IT IS ORDERED by this Court, having performed an independent and *de novo* review of the record, that the Report and Recommendation (Doc. No. 342) is adopted in all respects and the Motion to Dismiss is denied. (Doc. No. 256.)

DATED this 9th day of January, 2007.

David C. Bury
United States District Judge

3